**PELTOLA v. WHITING.**

No. 144.

Circuit Court of Appeals, Second Circuit.

Jan. 19, 1943.

Before L. HAND, CHASE and CLARK, Circuit Judges.

David Muss, of New York City, for appellant.

Lorenz J. Brosnan and Robert J. Bell, both of New York City, for appellee.

## PER CURIAM.

This case presents only the question whether the judge was right in directing a verdict for the defendant. Feldman's testimony was that if the abscess was merely peri-tonsillar, the defendant's treatment was right; but that, if it had been preceded by "dental manipulation," it was wrong. The only testimony in the case as to "dental manipulation" was that of the dentist, who said that the filling of the tooth had had nothing to do with the abscess. The jury was not indeed obliged to believe this, and there had undoubtedly been a previous history of "dental manipulation." They might therefore have found from Feldman's testimony that it was incautious or negligent for the defendant to proceed on the theory that the abscess was simply peri-tonsillar. But even if he was incautious or negligent, it would be immaterial if the abscess was in fact merely peri-tonsillar, because his treatment would then have been the proper treatment for the existing, though unknown, condition; although he would have been at fault, his fault would not have contributed to the result. The jury's disbelief of the dentist that the "dental manipulation" did not cause the abscess, could not serve as a substitute for evidence that it did cause the abscess, and unless it did, the plaintiff had no cause of complaint. There was therefore a fatal hiatus in her proof.

But there is an even more fundamental reason why the judge was right.

Even though the jury had been justified in assuming, not only that the treatment was careless, but that "dental manipulation" had in fact caused the abscess, and that the patient did not therefore get the treatment he should have had, there was no testimony whatever that the right treatment would have saved him. Feldman was extremely honest and guarded in what he said; the farthest he would go was that proper treatment "might" have stopped the spread of the infection, and that it might not. The infection may have been one of those malignant ones of which no treatment will stop. the spread. There was therefore, for both these reasons no testimony to support a verdict, and no verdict should have been taken.

Judgment affirmed.